UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIAH LOPEZ,

                              Plaintiff,

            -against-

U.S. DEPARTMENT OF THE INTERIOR;
NATIONAL PARK SERVICE; HUDSON
RIVER PARK TRUST; NEW YORK STATE
EXECUTIVE CHAMBER; NEW YORK
STATE DEPARTMENT OF PARKS,
RECREATION AND HISTORIC
PRESERVATION,

                              Defendants.

22-CV-4744 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Mariah Lopez, who is appearing *pro se*, resides in Schenectady, New York. She brings this action challenging an ongoing construction project in Hudson River Park in Manhattan. By order dated June 27, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court directs Plaintiff to file an amended complaint within 60 days from the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

In an order to show cause issued on July 26, 2022, the Court set forth in detail the factual allegations in Plaintiff's complaint. The Court assumes familiarity with that order and discusses the facts here only briefly. Plaintiff filed this complaint against the U.S. Department of the Interior ("USDOI"), the National Park Service ("NPS"), the Hudson River Park Trust ("HRPT"),

the New York State Executive Chamber ("NYSEC"), and the New York State Department of

Parks, Recreation and Historic Preservation ("NYSDOP"), alleging discrimination on the basis

of her race, disability, and gender identity, and invoking the First, Fourth, and Fourteenth

Amendments to the United States Constitution; the National Historic Preservation Act, 54 U.S.C.

§§ 306108, 306113; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2000e-17; the

Americans with Disabilities Act; 42 U.S.C. §§ 12101 *et seq.*; and the U.S. Department of

Transportation Act, Section 4(f), 49 U.S.C. § 303. Plaintiff further invokes the New York State

Constitution; the New York State Historic Preservation Act; the New York City and New York

State Human Rights Laws, and she asserts state law claims of libel, defamation, and slander.

(ECF 2 at 1-2, 25.)

Plaintiff, a transgender activist, challenges a project installing a beach and soccer fields in

Hudson River Park between Christopher Street and the Gansevoort Peninsula, because the $75

million project fails to reflect or recognize the historical significance of that portion of the park

and the piers to the transgender community. (ECF 2 at 7.) Between 2014 and 2016, Plaintiff

participated in federal studies and lobbied for the preservation of historic sites of significance to

the transgender community, including Hudson River Park. (*Id.* at 18.) Notwithstanding Plaintiff's

advocacy, the "all white, all cisgender leadership and historians" at the DOI and NPS "ignored"

Plaintiff and other historians, and failed to designate the park as a national historic landmark,

which allowed the current project to proceed. (*Id.*) Plaintiff claims that the review Defendants

conducted was, among other things, "flawed, deficient, inadequate; intentionally misleading, it is

essentially racist, sexist, classist, transphobic," and essentially a "rubber-stamp approval

process," that favored "wealthy white developers" and interests. (*Id.* at 19.) Without elaboration,

Plaintiff claims that the ongoing project "violates" the "USDOT Act section 4(f)." (*Id.* at 19 ¶ 85.)

Plaintiff further alleges that she is disabled and that, in 2020, then-Governor Cuomo retaliated against her because of her opposition to the Hudson River Park project and a proposed park in Brooklyn to honor another transgender activist, Marsha P. Johnson. The retaliation manifested in Cuomo's failure to "follow through" on giving Plaintiff a paid position that he had promised her in 2019. (ECF 2 at 14, 59.) Plaintiff seeks injunctive relief and money damages.

According to documents attached to the complaint,[1] on or about February 3, 2022, before filing this action, Plaintiff filed an action, under Article 78 of the New York Civil Practice Law and Rules, in New York State Supreme Court, Albany County, challenging the same project that is at issue in this case.[2] *Lopez v. Hochul*, Ind. No. 22-781 (Sup Ct., Albany Cnty.) (ECF 4, ECF 5 at 29.) Plaintiff acknowledged that the state court matter was "still pending," but she asserted that there was no "*res judicata*" issue, because "there has been zero finding of fact" in the state court proceeding, and because the state court had not "reached a decision [on the] merits relating to" her claims. (ECF 2 at 9.)

By order issued July 6, 2022, this court directed Plaintiff to show cause why, in light of the pending state court action, the court should not abstain from exercising jurisdiction of this action under the doctrine set forth in *Colorado River Water Conservation Dist. v. United States,*

---

[1] Plaintiff has filed in this case a complaint, two motions, and a letter, attached to which are more than 600 pages of photographs, screen shots, and documents regarding Plaintiff's personal history, the history of the transgender rights movement, state court records, and other historical documents. (ECF 2-5.)

[2] Plaintiff filed a similar complaint, which was dismissed without prejudice because she filed it on behalf of her nonprofit organization, Strategic Transgender Alliance For Radical Reform (STARR). *Starr v. Hudson River Park Trust*, 21-CV-5721 (LTS) (S.D.N.Y. July 12, 2021).

424 U.S. 800, 818-819 (1976) (holding that a federal court may abstain from exercising jurisdiction in the interest of wise judicial administration and conservation of resources, but only in certain circumstances) (ECF 10).[3] In response, Plaintiff submitted two declarations and a letter,[4] (ECF 14-16). On October 25, 2022, the Albany Supreme Court dismissed the matter pending before it.[5] Abstention, therefore, is no longer an issue and the Court now addresses the complaint itself.

## DISCUSSION

### A.    Rule 8

Plaintiff's submissions – consisting of allegations spread across a complaint, motions, letters, declarations, and hundreds of pages of attachments – do not comply with Rule 8. They are unduly repetitive and contain extraneous and irrelevant information. Plaintiff names federal and state entities,[6] but she does not explain how those Defendants were involved in violating her federally protected rights. Because of the manner in which the information is presented, the Court is unable to determine whether Plaintiff can state a claim against the named defendants under any of the authorities she invokes.

---

[3] In that order, the Court denied Plaintiff's motion for injunctive relief, in part because Plaintiff had pending in the state court a motion for reconsideration of an order partially lifting a stay.

[4] In the second declaration submitted on December 2, 2022, Plaintiff asserts new claims of retaliation. (ECF 16.)

[5] A call to the Albany Supreme Court Clerk's Office confirmed the dismissal of the case, but not the basis for the dismissal.

[6] HRPT is a public corporation created by the Hudson River Park Act for the purpose of operating the Hudson River Park which runs along the west side of Manhattan. *Freefall Express v Hudson River Park Trust*, 847 N.Y.S.2d 901, 2007 WL 2582222, at *1 (Sup Ct., Sep. 7, 2007); *see also New York Helicopter Charter, Inc. v. Air Pegasus Heliport, Inc*., No. 07-CV-4069 (MGC), 2008 WL 4410092, at *1 (S.D.N.Y. Sept. 26, 2008) ("assum[ing]" for purposes of deciding a motion that HRPT is a state actor). At this stage, the Court will assume without deciding that HRPT is a state actor.

For these reasons, the Court finds that Plaintiff's submissions do not contain a short and plain statement showing that Plaintiff has a plausible claim for relief. The Court grants Plaintiff leave to file an amended complaint that complies with Rule 8. Plaintiff must assert her claims using a single complaint form, and she should avoid unnecessary repetition.

## B.    Claims against state actors

### 1.    Section 1983

The Court construes the complaint as asserting constitutional claims under 42 U.S.C. § 1983 against the state agencies HRPT, NYSEC, and NYSDOP. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Because HRPT, NYSEC, and NYSDOP are state agencies, Plaintiff's Section 1983 claims against HRPT, NYSEC, and NYSDOP are barred by the Eleventh Amendment and are dismissed.

### 2.    Title VII

Title VII of the Civil Rights Act of 1964 provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual,

or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). Title VII prohibits employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by the statute, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009). Mistreatment that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

The Eleventh Amendment does not bar Plaintiff's claims under Title VII against the State of New York. *See Davis v. State Univ. of New York*, 802 F.2d 638, 639 n.1 (2d Cir. 1986) ("[A] state and its agencies have been subject to suit under Title VII since 1972 and have no Eleventh Amendment immunity" in Title VII actions). Title VII does not, however, provide for individual liability, although an individual "who actually participates in the conduct giving rise to the discrimination claim may be held personally liable" under the New York State Human Rights Law. *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995); *Feingold v. New York*, 366 F.3d 138, 158 n.19 (2d Cir. 2004).

Plaintiff asserts that in 2020, then-Governor Cuomo retaliated against her by failing to provide Plaintiff a paid position that had been promised to her in 2019. Plaintiff does not name the former governor as a defendant, however, and she alleges no facts suggesting that any of the named Defendants played a role in denying her a job, discriminated against her based on a

characteristic protected by Title VII, or retaliated against Plaintiff based on protected activity.
Plaintiff thus fails to state a Title VII claim.

      3.     ADA

Title II of the ADA provides that "no qualified individual with a disability shall, by
reason of such disability, be excluded from participation in or be denied the benefits of the
services, programs, or activities of a public entity, or be subjected to discrimination by any such
entity." 42 U.S.C. § 12132. A "public entity" is defined in Title II of the ADA to include " any
State or local government" and "any department, agency, . . . or other instrumentality of a State,"
42 U.S.C. § 12131(1); *United States v. Georgia*, 546 U.S. 151, 154 (2006) (holding that Title II
of the ADA "prohibits state and local governments from discriminating against people with
disabilities in government programs, services, and activities" ).

Title III of the ADA requires that "[n]o individual shall be discriminated against on the
basis of disability in the full and equal enjoyment of goods, services . . . or accommodations of
any place of public accommodation by any person who owns . . . or operates a place of public
accommodation." 42 U.S.C. § 12182(a). The ADA applies to denials "on the basis of" or "by
reason of" a disability, 42 U.S.C. § 12132; 42 U.S.C. § 12182(a). In other words, there can be no
action for violation of the ADA without an allegation that the complained of deprivation was a
result of the plaintiff's disability." *Aquino v. Prudential Life and Cas. Ins. Co.,* 419 F. Supp. 2d
259, 277-78 (E.D.N.Y. 2005) (citing *Baker v. New York*, 04 Civ. 6221, 2004 WL 1682780
(W.D.N.Y. May 28, 2004)).

Plaintiff invokes the ADA and alleges that she is disabled, but the complaint does not
contain facts suggesting either that she is disabled within the meaning of the ADA or that
Defendants, with respect to their conduct in connection with the events giving rise to this

complaint, discriminated against her or retaliated against her based on her disability. For these reasons, Plaintiff's complaint fails to state a claim under the ADA.

## C.     Federal actors

### 1.     Federal Tort Claims Act

Plaintiff brings suit against USDOI and NPS. Federal agencies are immune from suit unless their sovereign immunity has been waived. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994); *Brooks v. U.S.*, No 97-CV-16699, 1998 WL 756895, at *1 (9th Cir. 1998) (dismissing on sovereign immunity grounds *pro se* complaint against USDOI and NPS) (quoting *Block v. North Dakota,* 461 U.S. 273, 287 (1983)).

A plaintiff may seek damages against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a), but such relief is not available for the violation of a constitutional right. *See FDIC*, 510 U.S. at 477-78 ("[T]he United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims."); *Holliday v. Augustine*, No. 3:14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015) ("The proper defendant in an FTCA claim is the United States."). Moreover, an FTCA claim may only be brought after exhausting administrative remedies with the appropriate federal agency. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999) (holding that before filing an action in federal court, a plaintiff must comply with the FTCA's procedural requirements), *abrogated on other grounds*, *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015).

Plaintiff cannot seek damages against the federal actors under the FTCA in connection with any constitutional claims, and Plaintiff does not allege that she exhausted her administrative remedies with respect to any FTCA claims she may seek to bring. Unless Plaintiff alleges that she has exhausted her administrative remedies, any FTCA claims must be dismissed without prejudice.

2.      National Historic Preservation Act ("NHPA") and Administrative Procedures Act ("APA")

The NHPA imposes a fairly broad mandate, in keeping with the longstanding Congressional interest in historic preservation. *See WATCH v. Harris,* 603 F.2d 310, 320-26 (2d Cir. 1979). It "requires each federal agency to take responsibility for the impact that its activities may have upon historic resources, and establishes the Advisory Council on Historic Preservation . . . to administer the Act." *Nat'l Mining Ass'n v. Fowler,* 324 F.3d 752, 755 (D.C. Cir. 2003). The statute is primarily procedural in nature. *See, e.g., Morris Cnty. Trust for Historic Pres. v. Pierce,* 714 F.2d 271, 278-79 (3d Cir. 1983). It does not itself require a particular outcome, but rather ensures that the relevant federal agency will, before approving funds or granting a license to the undertaking at issue, consider the potential impact of that undertaking on surrounding historic places. *Concerned Citizens of Chappaqua v. U.S. Dept. of Transp.*, 579 F. Supp. 2d 427, 434-35 (S.D.N.Y. 2008) ("Section 106 does not grant any substantive rights; rather, the section has been described as a "stop, look, and listen provision" that does not require any particular outcome.") (quoting *Jackson*, 430 F.3d at 590-91).

The regulations implementing NHPA require agencies "to consult with state historic preservation officers ('SHPO's), make reasonable and good faith efforts to identify historic properties, determine their eligibility for listing in the National Register of Historic Places, and assess the effects of a project on such properties." *Pres. Coal. of Erie Cnty. v. Fed. Transit Admin.,* 356 F.3d 444, 447 (2d Cir. 2004); *Concerned Citizens of Chappaqua*, 579 F. Supp. 2d at 434-35 (setting forth statutory and regulatory requirements of NHPA under 16 U.S.C. § 470f and 36 C.F.R. § 800 *et seq.*).

The Second Circuit has not addressed whether the NHPA provides for a private right of action.[7] *See Business and Residents Alliance of East Harlem v. Jackson*, 430 F.3d 584, 590 (2d. Cir. 2005) ("Before evaluating the merits of the plaintiffs' claim under Section 106 of the NHPA, we pause to note that both the parties and the district court assumed that the NHPA provides the plaintiffs with a private right of action in this case. This Circuit has not yet addressed that issue."); *but see Friends of Hamilton Grange v. Salaza*r, No. 08-CV-5220 (DLC), 2009 WL 650262, at *18 (S.D.N.Y. Mar. 12, 2009) (finding that the NHPA does not confer a private right of action). Even if the Court assumes at this stage that a private cause of action exists, however, Plaintiff has failed to allege facts giving rise to a claim under the NHPA against the named defendants.

Plaintiff does not invoke the Administrative Procedures Act (APA), but some courts have held that claims asserted under the NHPA could arguably arise under the APA. *See, e.g., Karst Envtl. Educ. & Prot., Inc. v. Envtl. Prot. Agency,* 475 F.3d 1291, 1295 (D.C. Cir. 2007) ("[B]ecause NHPA creates no private right of action, challenges to agency compliance with the statute must be brought pursuant to the Administrative Procedure Act. . . .") (quoting *San Carlos Apache Tribe*, 417 F.3d at 1091).

The APA waives sovereign immunity for claims against federal agencies seeking non-monetary relief. *See* 5 U.S.C. § 702.10. "The Second Circuit has read § 702 'as a waiver of

---

[7] There is a split among the circuits that have addressed the issue. *San Carlos Apache Tribe v. United States*, 417 F.3d 1091 (9th Cir. 2005) (holding that the NHPA does not give rise to a private right of action); *but see Boarhead Corp. v. Erickson*, 923 F.2d 1011, 1017 (3d Cir. 1991) (holding that the NHPA does confer a private right of action); *Vieux Carre Prop. Owners, Residents & Assocs., Inc. v. Brown*, 875 F.2d 453, 458 (5th Cir. 1989) (same); *Cotz v. Gutierrez-Scaccetti*, No. 19-CV-22075, 2020 WL 1284755, at *5 (D.N.J. Mar. 18, 2020) (collecting cases in which "courts in other circuits and districts have . . . held or suggested that no private right of action exists under the NHPA" and holding that the plaintiff "failed to establish the NHPA provides a private right of action").

immunity where a proper action is brought under 28 U.S.C. § 1331,' the general federal question jurisdiction statute." *Rivera v. Fed. Bureau of Investigation*, No. 5:16-CV-0997, 2016 WL 6081435, at *6 (N.D.N.Y. Sept. 13, 2016) (quoting *Sprecher v. Graber*, 716 F.2d 968, 973-74 (2d Cir. 1983)), *R & R adopted*, 2016 WL 6072392 (N.D.N.Y. Oct. 17, 2016); *Gupta v. S.E.C.*, 796 F. Supp. 2d 503, 509 (S.D.N.Y. 2011) ("'[T]he APA's waiver of sovereign immunity applies to any suit whether under the APA or not' because Section 702 'waives sovereign immunity for [any] action in a court of the United States seeking relief other than money damages,' not solely for an action brought under the APA.") (quoting *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 186 (D.C. Cir. 2006)). Because the Plaintiff here seeks non-monetary relief, the Court construes the complaint as asserting a claim under the APA.

Section 702 provides that "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. To fall within the ambit of Section 702, the party challenging the agency action must identify the "'agency action' that affects h[er] in the specified fashion." *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 882 (1990). The agency action in question must be a "final agency action." *Id.* In addition to identifying the agency action, the aggrieved party must show that she has "suffer[ed] legal wrong" because of the challenged agency action, or is "adversely affected or aggrieved" by that action "within the meaning of a relevant statute." *Id.* at 883. To meet this second requirement, "the aggrieved party must establish that the injury she complains of falls within the 'zone of interests' sought to be protected by the statutory provision whose violation forms the legal basis for h[er] complaint." *Central New York Fair Business Ass'n v. Kempthorne*, No. 06-CV-1501, 2007 WL 1593727, at *4 (N.D.N.Y. June 1. 2007) (quoting *Lujan*, 497 U.S. at 882) (internal quotation marks omitted).

Plaintiff alleges that Defendants violated the NHPA because, by approving the current park project, Defendants "ignored" her and other experts who provided historical data regarding the significance of the relevant area of Hudson River Park to the transgender community. However, the fact that Plaintiff and other historians advocated for a particular outcome, and that Defendants did not render a decision consistent with that position, does not show that Defendants failed to comply with the procedural requirements of NHPA, or that Defendants violated the APA.

3.     The US DOT Act

Plaintiff invokes Section 4(f) of the US DOT Act, which the Court understands to be a reference to 49 U.S.C. § 303(c).[8] Section 4(f) places "certain obligations on the Secretary of Transportation." *Kingman Park Civic Ass'n v. Gray*, 27 F. Supp. 3d 142, 163–64 (D.D.C. 2014), and permits the Federal Highway Administration (FHA) to "use" the "land of an historic site" in connection with a highway project only if there is no "prudent and feasible alternative to using that land" and the project "includes all possible planning to minimize harm" to the historic site resulting from the use. 49 U.S.C. § 303(c); *Concerned Citizens of Chappaqua*, 579 F. Supp. 2d at 436-37; *Preservation Coalition of Erie Cnty. v. Federal Transit Admin.*, 129 F. Supp. 2d 538, 540-41 (W.D.N.Y. 2000).

Plaintiff cites to the US DOT, but she does not provide facts showing the relevance of that statute to the events giving rise to this complaint. Plaintiff does not name as Defendants the Department of Transportation, its secretary, or the FHA, there are no facts suggesting their

---

[8] Under that statute, "the Secretary [of Transportation] may approve a transportation program or project . . . requiring the use of publicly owned land of a public park, recreation area, or wildlife and waterfowl refuge of national, State, or local significance, or land of an historic site of national, State, or local significance . . ." 49 U.S.C. 303(c); *Stewart Park and Reserve Coalition, Inc. (SPARC) v. Slater*, 352 F.3d 545, 554-55 (2d Cir. 2003).

involvement in what occurred, and the facts alleged do not suggest that the US DOT is relevant to this matter.

### D.  State law claims

Plaintiff also asserts claims arising under state law. A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). It is not clear that Plaintiff can state any claims of which the Court has original jurisdiction, and thus the Court will determine at a later stage whether to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## LEAVE TO AMEND AND LITIGATION HISTORY

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status, and in an abundance of caution, the Court grants Plaintiff 60 days' leave to amend her complaint.[9]

A review of Public Access to Court Electronic Records (PACER) shows that Plaintiff has filed 12 *pro se* actions in this Circuit. *See Lopez v. Heritage of Pride, Inc.*, No. 1:19-CV-6065, 8 (CM), 2019 WL 6529317, at *4 (S.D.N.Y. Dec. 3, 2019) (dismissing complaint for failure to state a claim); *Lopez v. City of Albany*, No. 19-CV-1072 (N.D.N.Y. Apr. 22, 2022) (adopting report and recommendation and dismissing complaint asserting ADA claims); *Lopez v. New York City Police Dep't*, No. 1:19-CV-4760, 6 (LLS) (S.D.N.Y. Aug. 14, 2019) (dismissing complaint for failure to state a claim); *Lopez v. N.Y.C. Dep't of Homeless Svcs.*, No. 1:18-CV-4293, 20 (MKV) (OTW) (S.D.N.Y. Sept. 23, 2021) (dismissing action under stipulation); *Lopez v. N.Y.C. Dep't of Homeless Svcs.*, No. 1:17-CV-3014, 259 (MKV) (OTW) (S.D.N.Y. Nov. 24, 2021) (dismissing action under stipulation), *appeal pending*, 21-3123 (2d Cir.); *Lopez v. Admin. for Children's Svcs.*, No. 1:18-CV-4773, 10 (CM) (S.D.N.Y. Jan. 9, 2019) (dismissing complaint for failure to state a claim); *Lopez v. France*, No. 1:17-CV-7961, 13 (VEC) (S.D.N.Y. Mar. 29, 2018) (dismissing complaint for failure to state a claim).

The exact degree of solicitude that should be afforded to a *pro se* litigant in any given case, however, depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *See Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010). Plaintiff identifies herself as an experienced litigator, and in a number of her prior actions, Plaintiff has sought injunctive relief and asserted ADA and constitutional claims. *See, e.g., Starr*

---

[9] Plaintiff is encouraged to provide a copy of the order dismissing the state court matter, *Lopez v. Hochul*, Ind. No. 22-781. Because Plaintiff is not required to prove her allegations at the pleading stage, she is encouraged to refrain from attaching other documents to her amended pleading, unless they succinctly address issues raised in this order.

*v. Hudson River Park Trust*, No. 1:21-CV-5721, 11 (LTS) (S.D.N.Y. July 12, 2021) (denying request for TRO); *Lopez v. Heritage of Pride, Inc*., No. 1:19-CV-6065, 8 (CM), 2019 WL 6529317, at *4 (S.D.N.Y. Dec. 3, 2019) (dismissing complaint asserting ADA claim, among others, because, "[a]lthough Plaintiff identifies herself as an individual with a disability, she does not state the nature of her disability and she does not allege facts suggesting that [Defendants] discriminated against her, or retaliated against her, because of her disability."); *Lopez v. Admin. for Children's Svcs.*, No. 1:18-CV-4773, 6 (CM) (S.D.N.Y. June 1, 2018) (dismissing Section 1983 complaint on the merits); *Lopez v. France*, No. 1:17-CV-7961, 11 (VEC) (S.D.N.Y. Dec. 18, 2017) (same).

In light of this litigation history, the Court finds that Plaintiff should be able to file an amended complaint that satisfies federal pleading rules if sufficient facts exist to state any viable claims. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-4744 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted, and the Court will decline to consider, under its supplemental jurisdiction, 28 U.S.C. § 1367, any state law claims Plaintiff may be asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when she seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    December 19, 2022
          New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.


                        -against-

_____

_____

_____

_____
Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)


**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
          (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
　　　　　　　　　　(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name　　　　　　　　　Middle Initial　　　　Last Name

_____

Street Address

_____

County, City　　　　　　　　　　　　　　　State　　　　　　　Zip Code

_____

Telephone Number　　　　　　　　　　Email Address (if available)

**B.   Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                   Zip Code

Defendant 2: _____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                   Zip Code

Defendant 3: _____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                   Zip Code

Defendant 4:

_____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.