UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIAH LOPEZ,

               Plaintiff,

-against-

U.S. DEPARTMENT OF THE INTERIOR;
NATIONAL PARK SERVICE; HUDSON
RIVER PARK TRUST; NEW YORK STATE
EXECUTIVE CHAMBER; NEW YORK
STATE DEPARTMENT OF PARKS,
RECREATION AND HISTORIC
PRESERVATION,

               Defendants.

22-CV-4744 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Mariah Lopez, who is proceeding *pro se* and *in forma pauperis* (IFP), filed a complaint alleging that Defendants violated her rights, and seeking injunctive relief. By order dated December 19, 2022, the Court directed Plaintiff to amend her complaint to address deficiencies in her original pleading. Plaintiff filed an amended complaint on February 22, 2023, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## BACKGROUND

      The Court assumes familiarity with the December 19, 2022, order to amend, which details the factual allegations and legal claims set forth in Plaintiff's original complaint, motions, and other submissions. (ECF 17). To summarize, Plaintiff alleged that Defendants — the U.S. Department of the Interior ("USDOI"), the National Park Service ("NPS"), the Hudson River Park Trust ("HRPT"), the New York State Executive Chamber ("NYSEC"), and the New York State Department of Parks, Recreation and Historic Preservation ("NYSDOP") — approved or funded a construction project in Hudson River Park without considering the historical

significance of that section of the park to the transgender community. Plaintiff alleged discrimination on the basis of her race, disability, and gender identity, and invoked the First, Fourth, and Fourteenth Amendments to the United States Constitution under 42 U.S.C. § 1983; the National Historic Preservation Act, 54 U.S.C. §§ 306108 *et seq.* ("NHPA"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2000e-17 ("Title VII"); the Americans with Disabilities Act; 42 U.S.C. §§ 12101 *et seq.* ("ADA"); the U.S. Department of Transportation Act, Section 4(f) ("U.S. DOT Act"), 49 U.S.C. § 303; the New York State Constitution; the New York State Historic Preservation Act; the New York City and New York State Human Rights Laws; and state law claims of libel, defamation, and slander.

In the December 19, 2022, order to amend, the Court held that, as a general matter, Plaintiff's complaint and other submissions failed to comply with federal pleading rules, because those documents did not contain a short and plain statement explaining what role each Defendant played in what occurred and how each Defendant's actions or omissions violated Plaintiff's rights or entitled her to relief.[1] That order further specified that: (1) Defendants were immune from suit unless a waiver of immunity applied; (2) Plaintiff had failed to state a claim under Title VII, because there were no allegations of an employer-employee relationship; (3) there were no

---

[1] By order dated July 6, 2022, this court directed Plaintiff to show cause why, in light of a then-pending state court action, *Lopez v. Hochul*, Ind. No. 22-781 (Sup Ct., Albany Cnty), the court should not abstain from exercising jurisdiction of this action under *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800 (1976) (holding that under certain circumstances, a federal court may abstain from exercising jurisdiction) (ECF 10). In the December 19, 2022, order to amend, the Court noted that: (1) abstention was no longer an issue, because the Albany County Supreme Court had dismissed the matter pending before it; and (2) in any event, recent Second Circuit precedent reiterated that if a court has subject matter jurisdiction, it also has a "virtually unflagging obligation to exercise that jurisdiction." *See Gentes v. Osten,* No. 21-2022, 2022 WL 16984686, at *1 (2d Cir. Nov. 17, 2022); *Mochary v. Bergstein*, 42 F.4th 80, 84 (2d Cir. July 27, 2022). The Court encouraged Plaintiff to provide a copy of the order dismissing the state court matter, but she did not do so.

facts showing the relevance of the U.S. DOT Act to this matter; and (3) even if the NHPA provides for a private right of action, which is an open question in this Circuit, there were insufficient facts to state a plausible claim under that statute.[2]

Plaintiff submitted an amended complaint in which she alleges substantially similar facts, albeit in a somewhat more concise manner, and she reasserts claims under Section 1983; Title VII; NHPA; U.S. DOT Act; the New York State Historic Preservation Act; and the New York City and New York State Human Rights Laws.[3] (ECF 10 at 2-3.)

In addition, Plaintiff adds "new and additional claims of civil rights violations and discrimination," arising from alleged retaliatory actions Defendants took against her for her years of activism and litigation. (*Id.* ¶ 173.) The following facts regarding the new retaliation claims are drawn from the amended complaint.

In June 2021, NYSEC staffer Matthew McMorrow, the NPS commissioner, and the HRPT, retaliated against Plaintiff because of her history of activism by "attempting to ruin an annual event which she helped spearhead" for Pride weekend in Hudson River Park. This was accomplished by not providing sufficient numbers of restrooms, water fountains, and public seating. (*Id.* ¶ 127.) In 2022, there was a planning meeting to prevent some of those same problems from happening at the event scheduled for later that year, but the outcome was "mere

---

[2] The Court also noted Plaintiff's extensive litigation history, which gives rise to an expectation that Plaintiff is capable of filing an amended complaint that satisfies federal pleading rules if facts exist to state viable claims. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). (ECF 17 at 16.)

[3] Plaintiff does not reassert ADA claims or state law claims of libel, defamation, and slander. Moreover, although the Court construed the complaint as asserting claims under the Federal Tort Claims Act and the Administrative Procedures Act, Plaintiff does not invoke those statutes or allege facts implicating them, and the Court therefore does not address them.

gaslighting," and resulted in "selective enforcement" of park rules involving the use of D.J. equipment, amplification, security, and other matters. (*Id.* ¶¶ 131-149.)

The NPS scheduled an event at the Stonewall National Monument for June 24, 2022. A performer named Shea Diamond invited Plaintiff to attend. (ECF 10 ¶ 75-77.) Diamond informed her manager, Linda Lewis, that she intended to "use a portion of her time on stage to highlight the plight of Trans women of color, by engaging in what could be considered a brief civil disobedience"; Lewis attempted to "dissuade" Diamond from "doing so, as well as [from] associating with" Plaintiff. (*Id.* ¶ 79.)

On the day of the event, Plaintiff posted on Facebook that she was declaring a "Trans Day of Action," and she also posted the word, "Resist," in response to the United States Supreme Court decision in *Dobbs v. Jackson Women's Health Org.*, No. 19-1392 (June 24, 2022) (*Id.* ¶¶ 82-84.) When Plaintiff arrived at the entry point for the event, members of a private security firm hired by NPS would not let her enter because she was holding a "bullhorn — which Plaintiff admits to carrying, as a part of her regular practice as an activist." (*Id.* ¶ 84.) Plaintiff gave the bullhorn to someone else to hold, but the security staff would still not let her enter. Plaintiff further alleges that: (1) "the security company had circulated her photo among its staff in advance of her arrival"; and (2) on a crackling walkie-talkie, she heard the words, "that's a negative on that individual," which Plaintiff believes was a reference to her. (*Id.* ¶¶ 85-92.) The police arrived, and Plaintiff was "surrounded," which left her feeling "afraid, confused, frustrated, and embarrassed," as well as "singled out and targeted." (*Id.* ¶ 95.) Other members of the public were allowed entry while Plaintiff was excluded. (*Id.* ¶ 99.)

Diamond told Plaintiff that a woman named Maria, who had organized the event, said that "her company" had been "monitoring Plaintiff's Facebook page, and had decided that she

4

posed a threat to public safety." (*Id.* ¶ 100.) Diamond threatened not to perform if Plaintiff could not attend, but Maria's stance did not change, and she threatened Plaintiff with arrest if she did not "exit the security checkpoint." (*Id.* ¶ 108.) Plaintiff believes Lewis threatened to blacklist Diamond if she did not perform. (*Id.* ¶ 112.) Diamond ended up performing, and gave Plaintiff a "shout out" during her performance. (*Id.* ¶ 118.)

According to Plaintiff, NPS prevented the "solemn act of free speech and expression" from taking place, and thwarted her plan to honor trans and gender nonconforming individuals who had been murdered with a display of photographs and a moment of silence. (*Id.* ¶¶ 120-121.) Plaintiff asserts that she has had an "adversarial relationship over the years" with Defendants. (*Id.* ¶ 122.)

## DISCUSSION

### A. Previously Asserted Claims

The amended complaint is deficient for the same reasons the original complaint was deficient. As set forth in the December 19, 2022, order, Plaintiff sues immune defendants and fails to provide facts stating a claim on which relief could be granted or showing her entitlement to relief from any Defendant. (ECF 17.) In other words, the amended complaint, while more concise than the original complaint, does not contain any additional facts giving rise to any viable claims under federal law.

### B. New Retaliation Claims

Plaintiff attempts to bring new claims of retaliation, asserting that individuals who are not named as Defendants in this action (McMorrow and Maria) violated her rights by undermining her efforts to organize events and excluding her from a public event. These new claims are dismissed without prejudice because they are beyond the scope of the original lawsuit and the permitted amendment. *See, e.g. See McCray v. Patrolman N.A. Caparco*, 761 F. App'x 27, 30

(2d Cir. 2019) (summary order) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted.") (citing *Palm Beach Strategic Income, LP v. Salzman,* 457 F. App'x 40, 43 (2d Cir. 2012)); *Grimes v. Fremont General Corp.*, 933 F. Supp. 2d 584, 597 (S.D.N.Y. 2013) (citing cases).[4]

**C.     Supplemental Jurisdiction**

Plaintiff's assertions may implicate claims under state law. A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental

---

[4] Additionally, there is no indication that these new claims would be properly joined with the pending claims. Rules 18 and 20 of the Federal Rules of Civil Procedure govern joinder of claims and parties, respectively. Rule 18 permits a plaintiff to join as many claims as she has against a particular defendant. *See* Fed. R. Civ. P. 18(a). Under Rule 20 of the Federal Rules of Civil Procedure, persons may be joined in one action as defendants if: "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. Although courts have interpreted Rule 20(a) liberally to allow related claims to be tried within a single proceeding, *Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1126-27 (2d Cir. 1970), "the mere allegation that Plaintiff was injured by all defendants is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)," *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009). There are no facts suggesting that Plaintiff's claims implicating McMorrow, the NPS commissioner, and an event organizer named Maria would be properly joined to Plaintiff's challenge to the Hudson River Park project.

jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## FURTHER LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff's amended complaint did not remedy the defects in the original complaint, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses this action, filed IFP under 28 U.S.C. § 1915(a)(1). Dismissed without prejudice are: (1) the newly added retaliation claims; and (2) any state law claims. The remaining claims in Plaintiff's amended complaint are dismissed for failure to state a claim on which relief may be granted, and on immunity grounds. 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   April 3, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge